[Civ. No. 32824. First Dist., Div. Two. July 30, 1973.]

EDWARD J. KIRBY, as Director, etc., Petitioner, v.
ALCOHOLIC BEVERAGE CONTROL APPEALS BOARD,
Respondent;
LOUIS M. MILITTI, Real Party in Interest.

[redacted]

## COUNSEL

Evelle J. Younger, Attorney General, and Charlton G. Holland, Deputy Attorney General, for Petitioner.

Leo K. Gallant for Respondent.

Edward Solomon for Real Party in Interest.

## OPINION

**KANE, J.—**

### THE ISSUE

In this writ of review proceeding the issue squarely presented is whether a bartender is included within the definition of "any person" as set forth in Penal Code section 303, which reads as follows: "It shall be unlawful for any person engaged in the sale of alcoholic beverages, other than in the original package, to employ upon the premises where the alcoholic beverages are sold *any person* for the purpose of procuring or encouraging the purchase or sale of such beverages, or to pay any person a percentage or commission on the sale of such beverages for procuring or encouraging such purchase or sale. Violation of this section shall be a misdemeanor." (Italics added.)

## The Operative Facts

On March 16, 1972, the Department of Alcoholic Beverage Control ("Department") adopted the proposed decision of a hearing officer who found that the licensee ("Militti") had violated section 25657, subdivision (a), of the Business and Professions Code and section 303 of the Penal Code in that he had permitted his bartender to solicit enforcement officers of the Department to purchase alcoholic beverages for female employees (count I), and that he had violated rule 143, title IV, of the California Administrative Code, in that he had permitted his female employees to accept the drinks (count II).

The violations were determined to establish cause for discipline under the provisions of article XX, section 22, of the California Constitution and sections 24200, subdivisions (a) and (b), and 24200.5 of the Business and Professions Code, and a penalty of revocation of the license was imposed on each of counts I and II, separately and severally.

After Militti's petition for reconsideration was denied, he appealed to the Alcoholic Beverage Control Appeals Board ("Board"). After reviewing the evidence and the applicable law, the Board concluded that the Department's findings with respect to the violations of section 25657, subdivision (a), of the Business and Professions Code and section 303 of the Penal Code lacked evidentiary support. The Board thereupon reversed the Department's determination as to the first count, but affirmed its finding as to the second count.

The Board further found that the evidence did not support the Department's determination as to section 24200.5 of the Business and Professions Code and that, absent the statutory violations alleged in count I, the Department had not established that the conduct complained of was contrary to public welfare or morals.

The Board remanded the matter to the Department to reconsider the penalty imposed with respect to the second count.

The Department does not contest that portion of the Board's order finding that section 25657, subdivision (a), of the Business and Professions Code had not been violated because a bartender is not a "hostess or entertainer" within the meaning of that section, nor does the Department contest the Board's determination that section 24200.5 of the Business and Professions Code did not apply because the bartender did not solicit drinks for himself.[1]

---

[1] Section 25657 provided at the time of the alleged violations (Aug. 28, Sept. 4, and Sept. 11, 1971) that it was unlawful: "(a) For any person to employ, upon any

■■■■■■■■■■

The Department contends that the Board's conclusion that a bartender does not come within the definition of "any person" as set forth in section 303 of the Penal Code is contrary to law and that the Board's decision, if allowed to stand, will prevent the Department from disciplining licensees who permit their bartenders to encourage patrons to purchase drinks for female employees. We agree.

## THE LAW

■ A state has broad powers to control the dispensation of liquor within its borders (*California* v. *LaRue* (1972) 409 U.S. 109, 114, 118 (34 L.Ed.2d 342, 349, 352, 93 S.Ct. 390, 395, 397), and the Legislature may pass laws to prevent "improprieties" in connection with the sale of alcoholic beverages (*Sail'er Inn, Inc.* v. *Kirby* (1971) 5 Cal.3d 1, 20-21 [95 Cal.Rptr. 329, 485 P.2d 529, 47 A.L.R.3d 351]). Under the provisions of the Alcoholic Beverage Control Act, the Legislature has charged the Department with the duty to provide "strict, honest, impartial, and uniform administration and enforcement of the liquor laws throughout the State." (Bus. & Prof. Code, § 23049.) All the provisions of the act are to be liberally construed to accomplish its purpose (Bus. & Prof. Code, § 23001).[2]

The applicable rules which govern review of decisions of the Department recently were set forth in *Kirby* v. *Alcoholic Bev. etc. Appeals Bd.* (1972) 7 Cal.3d 433, 436-437 [102 Cal.Rptr. 857, 498 P.2d 1105], as follows: "Before we discuss the evidence, it is appropriate that we set forth the applicable rules which govern review of decisions of the Department.

licensed on-sale premises, any hostess or entertainer for the purpose of procuring or encouraging the purchase or sale of alcoholic beverages, or to pay any such hostess or entertainer a percentage or commission on the sale of alcoholic beverages for procuring or encouraging the purchase or sale of alcoholic beverages on such premises." Of interest is the fact that section 25657 was amended (Stats. 1971, ch. 151, § 1, effective March 4, 1972) to substitute "person" for "hostess or entertainer."

Section 24200.5 provides that "Notwithstanding the provisions of Section 24200, the department shall revoke a license upon any of the following grounds: . . . (b) If the licensee has employed or permitted any persons to solicit or encourage others, directly or indirectly, to buy them drinks in the licensed premises under any commission, percentage, salary, or other profit-sharing plan, scheme, or conspiracy."

[2]"§ 23001. Purposes of division: Construction. This division is an exercise of the police powers of the State for the protection of the safety, welfare, health, peace, and morals of the people of the State, to eliminate the evils of unlicensed and unlawful manufacture, selling, and disposing of alcoholic beverages, and to promote temperance in the use and consumption of alcoholic beverages. It is hereby declared that the subject matter of this division involves in the highest degree the economic, social, and moral well-being and the safety of the State and of all its people. All provisions of this division shall be liberally construed for the accomplishment of these purposes."

■■■■■

By reason of article XX, section 22 of the California Constitution, the Department has 'the power, in its discretion, to deny, suspend or revoke any specific alcoholic beverage license if it shall determine for good cause that the granting or continuance of such license would be contrary to public welfare or morals . . . .' Section 22 also sets forth the Board's scope of review of decisions of the Department, providing that '[r]eview by the board of a decision of the department shall be limited to the questions whether the department has proceeded . . . in the manner required by law, whether the decision is supported by the findings, and whether the findings are supported by substantial evidence in the light of the whole record.'

*"Under section 23090.2 of the Business and Professions Code, appellate judicial review of decisions of the Department is identical to that of the Board, requiring us to determine whether the Department's findings are supported by substantial evidence in the light of the whole record.* (See *Boreta Enterprises, Inc.* v. *Department of Alcoholic Beverage Control,* 2 Cal.3d 85, 94-95 [84 Cal.Rptr. 113, 465 P.2d 1]; *Kirby* v. *Alcoholic Bev. etc. App. Bd.,* 261 Cal.App.2d 119, 121-122 [67 Cal.Rptr. 628].) Neither this court nor the Board may ' "disregard or overturn a finding of fact of the Department . . . for the reason that it is considered that a contrary finding would have been equally or more reasonable." ' (*Boreta Enterprises, Inc.* v. *Department of Alcoholic Beverage Control, supra,* at p. 94.) '[I]f it be conceded that reasonable minds might differ as to whether granting [a license] would or would not be contrary to public welfare, such concession merely shows that the determination of the question falls within the broad area of discretion which the Department was empowered to exercise.' (*Martin* v. *Alcoholic Bev. etc. Appeals Bd.,* 55 Cal.2d 867, 876 [13 Cal.Rptr. 513, 362 P.2d 337].)

"Of course, the discretion exercised by the Department under section 22 of article XX of our Constitution ' "is not absolute but must be exercised in accordance with the law, and the provision that it may revoke [or deny] a license 'for good cause' necessarily implies that its decisions should be based on sufficient evidence and that it should not act arbitrarily in determining what is contrary to public welfare or morals." ' (*Martin* v. *Alcoholic Bev. etc. Appeals Board, supra,* 55 Cal.2d 867, 876; see *Boreta Enterprises, Inc.* v. *Department of Alcoholic Beverage Control, supra,* 2 Cal.3d 85, 95-96.) Nevertheless, *it is the Department, and not the Board or the courts, which must determine whether 'good cause' exists for denying a license upon the ground that its issuance would be contrary to public welfare or morals.* (See *Torres* v. *Dept. Alcoholic Bev. Control,*

192 Cal.App.2d 541, 545-546 [13 Cal.Rptr. 531]; *Kirby* v. *Alcoholic Bev. etc. App. Bd., supra,* 261 Cal.App.2d 119, 122.)" (Italics added.)

It was conceded that the bartender/manager was employed by the licensee. ■ Because the licensee has the responsibility to see to it that his license is not used in violation of the law, the acts of an employee in the operation of the license are imputed to the licensee (*Cornell* v. *Reilly* (1954) 127 Cal.App.2d 178, 186-187 [273 P.2d 572]).[3]

Nor are the facts in dispute. The Board accepted the findings of the Department that the bartender on three separate occasions encouraged enforcement officers of the Department to purchase drinks for female employees of the licensee.[4]

The Board concluded, however, that such evidence was not sufficient to justify the inference that such solicitation was an integral part of the employment of the bartender.

In reversing the Department's determination of a violation of section 303 of the Penal Code, the Board reasoned as follows: "The statute prohibits the employment on the licensed premises of persons for the purpose of solicitation of patrons to buy drinks. While we have no question as to the liability of a licensee with respect to the acts of a manager/bartender employed by the licensee in operation of the licensed premises, we cannot relate the conduct here charged to a violation of the above cited statute.

---

[3]Because administrative proceedings to revoke a liquor license are not criminal in nature, the standards to be applied are not those applicable to criminal trials, and it was not necessary for the Department to prove that the bartender was hired "for the purpose" of soliciting drinks nor to procure evidence of a specific intent or *mens rea* on the part of the licensee to so hire the bartender. (*Cornell* v. *Reilly, supra,* pp. 183-185.)

[4]The findings were based on the following evidence: *August 28, 1971:* Special Investigator Rewerts testified that he entered the licensed premises and seated himself at the bar; that a female dancer named Jeanette was dancing on the stage; that when she completed her dance she sat down next to him; that bartender Milio Militti was behind the bar; that Mr. Militti came over and placed a napkin in front of Jeanette and said, "Why don't you buy the lady a drink?"

*September 4, 1971:* Special Investigator Rewerts testified that he and Special Investigator Newkirk entered the licensed premises and seated themselves at the bar; that Jeanette again came over and sat next to him; that shortly thereafter Mr. Militti said: "Aren't you going to buy her a drink?"

*September 11, 1971:* Special Investigator Newkirk testified that he and Special Investigator Rewerts entered the licensed premises, seated themselves at the bar and ordered drinks; that shortly thereafter one of the dancers, after finishing her dance, came to the bar and sat next to him; that Mr. Militti introduced him to the dancer, Holiday, and stated "Now are you going to buy her a drink?"

The fact that Milio Militti was employed as a manager/bartender is conceded. The department introduced evidence as to the purported solicitation of drinks by the bartender on three separate occasions. *Under such a state of facts, the inference that solicitation of drinks was an integral part of the bartender/manager's employment is not only unreasonable but is wholly without evidentiary support.* We recognize that section 303, Penal Code, refers to *any person;* however, we do point out that to date, such violations involved females who were employed or permitted to procure or encourage the purchase or sale of alcoholic beverages." (Italics partially added.)

The Board's conclusion is in direct conflict with the holdings in *Cooper* v. *State Board of Equalization* (1955) 137 Cal.App.2d 672, 676 [290 P.2d 914]; *Hobson* v. *Reilly* (1955) 132 Cal.App.2d 275, 279 [281 P.2d 877]; and *Cornell* v. *Reilly, supra,* 127 Cal.App.2d 178, 186, that "Under such a state of facts the inference that such solicitation was an integral part of the employment . . . is not only reasonable, but almost inevitable." (See also: *Chosick* v. *Reilly* (1954) 125 Cal.App.2d 334, 338 [270 P.2d 547].)

■ We agree with the Department, therefore, that bartenders are not excluded from the provisions of section 303 of the Penal Code. Section 303 forbids a licensee from employing upon the premises "any person" for the purpose of procuring or encouraging the purchase or sale of alcoholic beverages. The definition "any person" clearly encompasses bartenders, and, under the circumstances shown there, the evidence before the Department was sufficient to establish a violation of section 303 on the part of the licensee.

Although it would be unreasonable for the Department to invoke the statute under circumstances where a bartender or waitress asks a patron if he desires a drink (see *Cooper* v. *State Board of Equalization, supra,* 137 Cal.App.2d at p. 680), it is clearly reasonable for the Department to invoke the statute under circumstances where the bartender asks the patron if he desires to purchase a drink *for an employee of the licensee.* Any other interpretation would permit the licensee to accomplish indirectly what he is prohibited from doing directly.

The decision of the Alcoholic Beverage Control Board is annulled with respect to that portion reversing the Department's determination of a violation of section 303 of the Penal Code by the licensee, and the cause is remanded for proceedings consistent with the views expressed herein.

Taylor, P. J., and Rouse, J., concurred.