[Civ. No. 18188. Fourth Dist., Div. One. July 23, 1979.]

JACK CAMACHO, Plaintiff and Respondent, v.
JAMES G. YOUDE, as Acting Director, etc., Defendant and Appellant.

**COUNSEL**

Evelle J. Younger and George Deukmejian, Attorneys General, R. H. Connett, Assistant Attorney General, Edwin J. Dubiel, Steven H. Kaufmann and Gary A. Wexler, Deputy Attorneys General, for Defendant and Appellant.

Thomas M. Heim for Plaintiff and Respondent.

## OPINION

**BUTTERMORE, J.\*—■■■** This appeal presents but one issue: whether a nonnegligent licensed employer is subject to discipline because his employee negligently performed a licensed activity. We hold he is.

### FACTS

Respondent does business as Camacho Aerial Service and holds an agricultural pest control license. He was hired to spray a lettuce field and was assured no authorized personnel would be in the field at the appointed hour. He instructed his pilot (Scobba) to do the job punctually to insure the field would be clear of all people. Unknown to Camacho or Scobba, the University of California, which was conducting experimentation with a certain plant disease, sent two men on an authorized but unscheduled trip into the field to obtain soil samples. They were not seen by Scobba who had made only a cursory visual inspection of the field before spraying and releasing toxic pesticide on one man, covering him from head to foot. Both Camacho and Scobba were subjected to an administrative hearing which resulted in their respective licenses being suspended for 60 days.[1] When reviewed by the superior court, the administrative determination was upheld as to Scobba who was found negligent, but reversed as to Camacho who was not.

### DISCUSSION

A licensee must be responsible for his employees' conduct in pursuing the business for which his license is required (*Arenstein* v. *California State Bd. of Pharmacy*, 265 Cal.App.2d 179 [71 Cal.Rptr. 357]). Appellant's position is explained in Deering, California Administrative Agency Practice (Cont.Ed.Bar) 1970) section 5.15, page 285, as follows: "Aircraft pest control licensees using aircraft are required to employ licensed pilots. . . . The licensed operator, as the licensee responsible for all business operations, is responsible for violations by pilots as well as other employees. Violations of the law or regulations may therefore result in disciplinary actions against the operator and the pilot. See *Randle* v.

---

\*Assigned by the Chairperson of the Judicial Council.

[1]The administrative law judge found both men had violated Food and Agricultural Code sections 11791, subdivision (b), and 11791, subdivision (c), and California Administrative Code, title 3, sections 2479, subdivision b [erroneously designated 2480, subdivision (b) in the proceedings] and 3093, subdivision (a). These laws prohibit dumping pesticides on innocent bystanders.

*California State Bd. of Pharmacy* (1966) 240 CA2d 254, 49 CR 485." ■ A licensed pharmacist may be disciplined by the pharmacy board if his employees engage in unlawful conduct in the operation of the pharmacy even though he has no knowledge of such activity (*Randle, supra,* at p. 261).

■ A licensee authorized to sell alcoholic beverages is subject to discipline against his license for the misconduct of his employees in conducting the licensed business although he has no knowledge thereof. (See *Kirby* v. *Alcoholic Bev. etc. Appeals Board,* 33 Cal.App.3d 732, 737 [109 Cal.Rptr. 291]; *Cooper* v. *State Board of Equalization,* 137 Cal.App.2d 672, 678 [290 P.2d 914]; *Mantzoros* v. *State Bd. of Equalization,* 87 Cal.App.2d 140, 144 [196 P.2d 657].) He is subject to license suspension, for example, when his bartender hires females to solicit drinks from customers (*Cornell* v. *Reilly,* 127 Cal.App.2d 178, 186 [273 P.2d 572]).

These and other cases cited by appellant predicate discipline on the doctrine of respondeat superior. Respondent urges a violation of due process if his license is suspended when he is "entirely innocent of wrong." ■ However, the objective of an administrative proceeding relating to a possible license suspension is to protect the public; to determine whether a licensee has exercised his privilege in derogation of the public interest. "Such proceedings are not for the primary purpose of punishing an individual. [Citation.] Hence, such proceedings are not criminal in nature." (*Cornell* v. *Reilly, supra,* 127 Cal.App.2d 178, 184.) It is necessary for the Department of Food and Agriculture to effectively regulate the dangerous business of pest control. Safety in the application of pesticides must be assured by fixing responsibility for that safety on the licensee. The record shows the pesticide mixture here involved consisted of lannate and thiodan, both capable of causing illness or poisoning because of their toxicity. If respondent were correct, effective regulation would be impossible. He could contract away the daily operations of his business to independent contractors and become immune to disciplinary action by the licensing authority.

"If a licensee elects to operate his business through employees he must be responsible to the licensing authority for their conduct in the exercise of his license and he is responsible for the acts of his agents or employees done in the course of his business in the operation of the license." (*Arenstein* v. *California State Bd. of Pharmacy, supra,* 265 Cal.App.2d 179, at p. 192.)

We view the duties of a licensee, including the ones breached here, to be nondelegable to either an independent contractor or to an employee (*Maloney* v. *Rath,* 69 Cal.2d 442, 446 [71 Cal.Rptr. 897, 445 P.2d 513, 40 A.L.R.3d 1]), and we hold Camacho to the conduct prescribed by statute for operating his licensed business. He may not insulate himself from regulation by electing to function through employees or independent contractors.

The judgment granting a peremptory writ to respondent is reversed.

Cologne, Acting P. J., and Staniforth, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 20, 1979. Bird, C. J., did not participate therein.