[Civ. No. 19771. Third Dist. Mar. 4, 1982.]

MEDLOCK DUSTERS, INC., Plaintiff and Appellant, v. DANIEL E. DOOLEY, as Acting Director, etc., Defendant and Respondent.

## COUNSEL

Nageley, Tennant & Parshall, Michael B. Read and Sam Roth Nageley for Plaintiff and Appellant.

George Deukmejian, Attorney General, R. H. Connett, Assistant Attorney General, and Edna Walz, Deputy Attorney General, for Defendant and Respondent.

**OPINION**

**REYNOSO, J.**\*—Appellant Medlock Dusters, Inc., petitioned for a writ of administrative mandate after the respondent Director of the Department of Food and Agriculture (Department) imposed a disciplinary suspension against it as a licensed pest control operator. The trial court denied the petition for a writ of mandate and Medlock appeals contending that the statutes and regulation under which it was disciplined are unconstitutionally vague and ambiguous, and that the findings of fact of the Department are inadequate.

Our holding is two fold. We reject the contention that the statutes and regulation are unconstitutionally vague and ambiguous. However, we agree that the findings of the Department are inadequate. We hold that an administrative decision must clearly set forth the basis, factual and legal, for discipline. Accordingly, we reverse the judgment denying the petition for a writ of administrative mandate and remand the matter to the trial court with directions to issue the writ of mandate remanding the matter to the Department for the issuance of an adequate administrative decision.

A. *Administrative Background*

The administrative proceedings commenced with an accusation filed against Medlock and several of its employees. After a lengthy administrative hearing an administrative law judge prepared a proposed decision which was adopted by the director of the Department. A transcript of the administrative hearing was not placed before the trial court, but a brief summary of the facts, which we summarize below, may be gleaned from the administrative decision.

*Count I.* On or about August 17, 1977, Medlock's employees Suacci and Thomas made an aerial application of pesticide to a field in Solano County. Three crewmen from Pacific Gas and Electric Company were working in a nearby field and some of the pesticide came into contact with them causing a burning of their eyes but no permanent damage. During the process Suacci made two applications and Thomas made one, and it was not established which application resulted in the contact with the crewmen.

---

\*Assigned by the Chairperson of the Judicial Council.

*Count II.* On February 16, 1978, Medlock employee Stoufer made an aerial application of paraquat to a field in Yolo County. A county employee was working in the field and he was exposed and contaminated which resulted in headaches and nausea.

*Count III.* On February 18, 1978, Medlock employees Yates and Thomas made an aerial application of paraquat to a field in Yolo County. During this process Douglas E. Callen was standing near his dwelling adjacent to the field. The administrative law judge found that the evidence did not establish that Callen was exposed to the pesticide or that damage to weeds, plants and ornamentals on or near the Callen property was the result of the Medlock crop dusting.

*Count IV.* On August 5, 1978, Medlock employee Yates made an aerial application of pesticides to a field in Solano County. The application was made while two employees of Agriform Farm Supply were working in the field. The foreman had agreed to leave the field until it had been sprayed, but upon learning that the reentry period was 24 hours he refused to leave. At that time Yates was already in the air and could not be contacted. Yates attempted to make the application away from the workers, and discontinued the operation when he was waved off.

*Count V.* On September 11, 1978, Medlock employees Yates and Nelson made aerial applications of pesticide to a field in Yolo County. Yates failed to confine the pesticide to the area to be treated in that an automobile driven by Janet Berger on County Road 99, which is adjacent to the field treated, was sprayed with pesticide. On that day the wind velocity was in excess of that normally considered safe for aerial application of pesticides, but the county agriculture department had given permission for crop dusting to proceed due to unusual circumstances. The evidence did not establish that Nelson failed to confine his pesticide application to the area to be treated.

*Count VI.* This count was dismissed prior to the administrative hearing.

*Count VII.* On April 3, and 4, 1979, Suacci applied paraquat to a field near Vacaville, California. The application exposed three nearby residences to paraquat, with resulting temporary damage to crops and ornamental plants. The administrative law judge found that the applica-

tion was reasonable under the circumstances, and that it was not established that either Suacci or Medlock was negligent.

The administrative law judge concluded that cause for discipline was established against Medlock under Food and Agricultural Code sections 11708, and 11791, and under title 3, California Administrative Code, section 3093, in counts I, II, IV, and V. Medlock received suspensions of 15 days for count I, 30 days for count II, 10 days for count IV, and 15 days for count V, the suspensions to run consecutively for a total of 70 days. The execution of the order was stayed, however, and Medlock was placed on probation for one year on the condition of an actual suspension of fifteen days and that no further cause for discipline occur during the period of probation.

## B. *Basis for Discipline*

■ Medlock contends that the statutory and regulatory basis for the disciplinary proceedings are unconstitutionally vague and ambiguous. The statutory basis for the discipline was Food and Agricultural Code section 11791, subdivisions (b) and (c). Those subdivisions provide: "It is unlawful for any person that is subject to this division to do any of the following: [¶](b) Operate in a faulty, careless, or negligent manner. [¶](c) Refuse or neglect to comply with any provision of this division, or any regulation issued pursuant to it, or any lawful order of the commissioner." The regulatory basis for the discipline was title 3, California Administrative Code, section 3093, which provided at the time of the actions for which discipline was imposed: "No pesticide shall be applied under the following circumstances: [¶](a) Persons not involved in the application process are within the area to be treated or are so nearby that there is a hazard of drift of the pesticide onto them. [¶](b) Crops, animals (including bees) or other property including a body of water which may be damaged by the pesticide are within the area to be treated or are so nearby that there is a reasonable possibility of damage by drift. [¶](c) When the pesticide will not be substantially confined to the area to be treated."

In *Wingfield* v. *Fielder* (1972) 29 Cal.App.3d 209 [105 Cal.Rptr. 619], this court considered the contention that Food and Agricultural Code (then simply Agr. Code), section 11791, as it read then and now, and the predecessor to title 3, California Administrative Code section 3093, were void for vagueness. At that time regulation 3093 read in part: "Precautions. (a) All persons engaged for hire in the business of

pest control, when using a method, or a material containing any substance, known to be harmful to persons, animals (including honey bees), crops, or property, shall exercise reasonable precautions to protect persons, animals, crops and property from damage, or contamination, and to confine the material applied substantially to the premises, crops, animals, or things intended to be treated." We concluded that the statute and the regulation were not void for vagueness, stating: "The applicable Agricultural Code and Administrative Code sections as applied to Wingfield are not at all vague but are sufficiently definite and certain to anyone associated with crop dusting or spraying by air. They are designed to protect against the one great evil of the industry, damage to crops not being treated. It would be difficult to conceive of any other language which would do the job." (29 Cal.App.3d at p. 220.)

Medlock recognizes the applicability of *Wingfield* v. *Fielder* to the instant case, but argues that the change in language in section 3093 between the date of that decision and the facts giving rise to the instant action rendered the regulation vague. Specifically, Medlock complains of the use of the words "*hazard* of drift," "*reasonable* possibility of damage by drift," and "*substantially* confined to the area to be treated." In *Wingfield* v. *Fielder* the words objected to were "injury is likely to result," "reasonable precautions," and "to confine the material applied substantially" to the intended area. These words and phrases were restated in only slightly altered form in the regulation in effect at the time of Medlock's actions which resulted in this proceeding and we hold that there was insufficient change to bring the precedential value of *Wingfield* v. *Fielder* into question.

In any event we do not find the statutory and regulatory basis for the discipline to be impermissively vague. As the Supreme Court stated in *County of Nevada* v. *MacMillen* (1974) 11 Cal.3d 662, at page 673 [111 Cal.Rptr. 568, 517 P.2d 832], the use of nonmathematical terms such as "'reasonable,'" "'necessary and proper,'" "'substantial,'" and the like do not render a statute or regulation invalid provided that a reasonable and practical construction can be given in accordance with the probable intent of the Legislature and in view of the common experiences of mankind. In this case the purpose of the statute and the regulation is clear, to protect against damage to persons, animals, crops and property through aerial application of pesticides. In view of this legislative purpose we hold, as we held in *Wingfield* v. *Fielder*, that the statute and regulation are not void for vagueness.

## C. *Inadequacy of Administrative Decision*

■ Medlock contends that the findings of fact in the administrative decision are inadequate. We must agree. In *Topanga Assn. for a Scenic Community* v. *County of Los Angeles* (1974) 11 Cal.3d 506, at pages 515 through 517 [113 Cal.Rptr. 836, 522 P.2d 12], the Supreme Court discussed the necessity for adequate findings in an administrative decision. The court noted that the orderly functioning of judicial review requires that the grounds upon which an administrative agency proceeded be clearly disclosed and adequately supported. Further, the requirement of findings serves to conduce the agency to draw legally relevant subconclusions supportive of its ultimate decision. Finally, adequate findings also enable the parties to determine whether and on what grounds to seek review. In a footnote the court disapproved prior appellate decisions which endorsed the practice of setting forth findings solely in the language of the applicable legislation. (P. 517, fn. 16.)

The findings of the administrative law judge in his proposed decision fail to fulfill the purposes of administrative findings. The proposed decision simply sets forth a brief statement of the incidents which gave rise to the accusations, followed by the conclusion that "cause for discipline was established" under the applicable statutes and regulations. The statute under which the discipline was imposed is Food and Agricultural Code section 11791, subdivisions (b) and (c). Subdivision (b) prohibits operation "in a faulty, careless, or negligent manner." Subdivision (c) makes it illegal to "refuse or neglect" to comply with statutes, regulations, or lawful orders of the commissioner. The proposed decision fails to specify whether Medlock was held to have operated in a faulty, careless or negligent manner, or to have neglected or refused to comply with applicable statutes, regulations or orders. Moreover, the proposed decision fails to specify the manner in which Medlock violated these provisions. The same is true as to the regulatory basis cited for the discipline, that is, title 3, California Administrative Code section 3093.

The inadequacy of the proposed decision was compounded by the decision of the director of the Department in adopting the proposed decision. The director stated: "The Director does not acquiesce in comments of the Administrative Law Judge in the Proposed Decision which may be interpreted to suggest that licensees should not be held strictly accountable for violations of law and regulations involving the application of pesticides, including the prohibition of drift. The Decision will have no precedent effect on future actions of the Department." In the

administrative proceeding Medlock endeavored to dispute the possibility that it could be held strictly liable for drift or for damage due to aerial application of pesticide. The administrative law judge noted that the Department's pesticide control manual, which does not have the force of regulation, appears to adopt a strict liability standard. The resolution of this issue does not appear from the proposed decision, and the statement of the director further confuses the question. In short, among other shortcomings, the administrative decision fails to establish whether Medlock was disciplined under a strict liability standard, or for fault.

As Justice Cardozo said in *United States* v. *Chicago, Milwaukee, St. Paul & Pacific Railroad Co.* (1934) 294 U.S. 499, at page 511 [79 L.Ed. 1023, at page 1032, 55 S.Ct. 462]: "We must know what [an administrative] decision means, before the duty becomes ours to say whether it is right or wrong." Judicial review of the decision of the Department is impossible with the conclusionary and inadequate findings of that agency. In view of the inadequacy of the findings the matter must be remanded to the agency for specification of the reasons for the discipline by the adoption of adequate findings of fact in support of the decision.

The judgment of the superior court denying Medlock Dusters, Inc.'s petition for a peremptory writ of mandate is reversed and the cause is remanded to the trial court with directions to issue a writ of mandate remanding the matter to the Department of Food and Agriculture for a specification of the reasons for the discipline imposed against Medlock by the adoption of appropriate findings of fact. The stay previously issued herein is discharged effective the date of the finality of this decision without further order. The parties will bear their respective costs.

Regan, Acting P. J., and Sparks, J., concurred.

A petition for a rehearing was denied March 31, 1982, and respondent's petition for a hearing by the Supreme Court was denied May 12, 1982. Reynoso, J., did not participate therein.