[Civ. No. 23982. Third Dist. May 21, 1985.]

MARILYN JEAN KATEEN, Plaintiff and Respondent, v.
DEPARTMENT OF REAL ESTATE, Defendant and Appellant.

COUNSEL

John K. Van de Kamp, Attorney General, Edward P. Hollingshead and Robert D. Milam, Deputy Attorneys General, for Defendant and Appellant.

Richard R. Murphy for Plaintiff and Respondent.

OPINION

**SPARKS, J.**—The Department of Real Estate (Department) appeals from a judgment of the Superior Court of Sacramento County granting a peremptory writ of administrative mandate (Code Civ. Proc., § 1094.5), in favor of Marilyn Kateen. Concluding that the findings were inadequate and that the punishment constituted an abuse of discretion, the court directed the Department to set aside its decision revoking Kateen's real estate broker's license, and to reconsider the penalty to be assessed. The Department as-

serts that its decision to revoke Kateen's license was not an abuse of discretion, and that its findings were adequate to support the decision. For the reasons which follow, we agree with the Department and shall reverse.

## FACTS

On May 5, 1982, an accusation was filed charging that Kateen had engaged in conduct which was cause for suspension or revocation of her license under Business and Professions Code section 10176, subdivisions (a) [making substantial misrepresentations], and (i) [other conduct which constitutes fraud or dishonest dealing]. After an administrative hearing the administrative law judge prepared a proposed decision which was adopted by the real estate commissioner. The Department determined to revoke Kateen's license and license rights.

In support of its decision to revoke Kateen's license, the Department found that in August 1980, acting in an agency capacity, Kateen negotiated the sale of a parcel of real property. The terms of the sale included a purchase price of $165,000, with the buyer to assume an existing loan in the amount of $140,000, secured by a deed of trust, and to execute a note to be secured by a second deed of trust in the amount of $25,000. Thus, there was to be no downpayment.

After an escrow was opened Kateen, without the knowledge of the buyer or seller, telephoned an agent of the escrow company and directed that escrow instructions be prepared which reflected a sales price of $206,250, and a cash down payment of $41,250. Kateen presented the false escrow instructions to a mortgage broker and further verbally misrepresented that the cash down payment was $41,250, and the total sales price was $206,250. Kateen committed these acts with the knowledge, intent and understanding that the false escrow instructions would be an added inducement for the mortgage brokerage company to purchase the note secured by the second deed of trust, or to find investors to purchase the note. In reliance upon the false escrow instructions the mortgage brokerage company approved the loan package and found two investors to purchase the note. The company would not have approved the loan package had it been aware that there was to be no downpayment on the property.

The sale of the property was completed in accordance with its true terms. In early 1982, the buyer defaulted on both the first and second loans and it was only thereafter that the mortgage brokerage company and the investors discovered the true facts.

At the administrative hearing Kateen denied that she had caused an employee of the escrow company to prepare false escrow instructions or that

she had presented the false instructions to the mortgage brokerage company. She further denied that she made oral misrepresentations concerning the amount of the downpayment, and testified that she told the mortgage brokerage company that there would be no downpayment. The Department found Kateen's version of the events not credible.

The Department found that Kateen's actions constituted "substantial misrepresentations and . . . fraud and dishonest dealing." It found that these facts constitute grounds for suspension or revocation of her license under Business and Professions Code section 10176, subdivisions (a) and (i). Kateen's license was ordered revoked.

On petition for a writ of administrative mandate the trial court reviewed the administrative record and exercised its independent judgment on the evidence. It made its own assessment of the credibility of the witnesses, and concluded that the findings of the Department were supported by the weight of the evidence.

With respect to the discipline to be imposed, the trial court recognized that the penalty is a matter entrusted to the discretion of the administrative agency and that it must be upheld unless it is a clear abuse of discretion. Nevertheless, the court concluded that there were no findings in the record which would disclose the basis upon which the Department determined to revoke Kateen's license. The court concluded that it had no basis upon which to exercise its judicial review function. The court found the penalty not to be supported by the evidence, and an abuse of discretion. The court issued a peremptory writ of mandate directing the Department to set aside its decision and to reconsider the penalty. The court made it clear that its decision was not intended to limit or control in any way the discretion vested in the Department.

## DISCUSSION

 The Department contends that the trial court erred in finding the revocation of Kateen's license was not supported by the evidence and was an abuse of discretion. We agree with the Department that the actions which Kateen was found to have committed—substantial misrepresentations and fraud and dishonest dealing—are themselves sufficient to support the revocation of her license. Business and Professions Code section 10176 so provides, and judicial decisions have agreed. (*Small* v. *Smith* (1971) 16 Cal.App.3d 450, 456 [94 Cal.Rptr. 136]; *Buckley* v. *Savage* (1960) 184

Cal.App.2d 18, 31 [7 Cal.Rptr. 328].)[1] However, the trial court's decision, read as a whole, does not purport to hold otherwise. The court made it clear that it did not intend to limit or control the Department's discretion in any manner; its concern was with the adequacy of the findings. Accordingly we address that question.

In *Topanga Assn. for a Scenic Community* v. *County of Los Angeles* (1974) 11 Cal.3d 506, at pages 515 through 517 [113 Cal.Rptr. 836, 522 P.2d 12], the Supreme Court discussed the necessity for adequate findings in an administrative decision. ■ The orderly functioning of judicial review requires that the grounds upon which an administrative agency proceeded be clearly disclosed and adequately supported. The requirement of findings compels the administrative agency to draw legally relevant subconclusions supportive of its ultimate conclusion. Finally, adequate findings enable the parties to determine whether, and upon what grounds, to appeal.

■ In *Medlock Dusters, Inc.* v. *Dooley* (1982) 129 Cal.App.3d 496, at pages 502 and 503 [181 Cal.Rptr. 80], we found an administrative agency's findings in a disciplinary proceeding to be inadequate under the mandate of *Topanga*. In that case the agency had simply set forth a brief statement of the incidents and the conclusion that cause for discipline was established. We found it impossible to determine which statutes or regulations had been violated and the manner in which the violation occurred. Moreover, a question arose over whether the licensee was to be held to a strict liability standard, and yet the decision failed to establish whether the discipline was imposed on such a strict liability basis or for fault. We directed the superior court to remand the matter to the administrative agency for findings of fact and clarification of the basis for discipline.

■ Although findings are required, they need not be stated with the formality required in judicial proceedings. (*Aantex Pest Control Co.* v. *Structural Pest Control Bd.* (1980) 108 Cal.App.3d 696, 704 [166 Cal.Rptr. 763].) It is sufficient that the findings enable the reviewing court to determine that the agency found the necessary facts to support its determination of the issues. (*Ibid.*) And the findings may be supplemented by reference to the administrative record. (*Doyle* v. *Board of Barber Examiners* (1966) 244 Cal.App.2d 521, 525 [53 Cal.Rptr. 420].)

---

[1]Business and Professions Code section 10176, provides in relevant part that the commissioner may "permanently revoke a real estate license at any time where the licensee, while a real estate licensee, in performing or attempting to perform any of the acts within the scope of this chapter has been guilty of any of the following: [¶] (a) Making any substantial misrepresentation. . . . [¶] (i) Any other conduct, whether of the same or a different character than specified in this section, which constitutes fraud or dishonest dealing."

In this light we find the findings of the Department to be sufficient. The trial court was concerned that the Department failed to consider mitigating factors. Thus the court noted that it could not tell whether the conduct in this case was an isolated incident, or one of many violations over the years, or whether restitution was made or refused. But if mitigation were present it was incumbent upon Kateen to present it and not upon the Department to seek it out. (*Schoenen* v. *Board of Medical Exrs.* (1966) 245 Cal.App.2d 909, 916 [54 Cal.Rptr. 364].) Kateen chose to deny the accusation in its entirety, and to present no circumstances in mitigation. The Department was not required to state expressly that no mitigation appeared, especially when the record reflects that fact. Likewise, when the Department does not rely upon aggravating factors, such as a prior disciplinary record or the failure to make restitution, then it need not expressly state that it does not rely upon such factors. The absence of such findings establishes that the Department did not find and did not rely upon aggravating factors.

On this record it appears that the Department relied solely upon Kateen's acts in making substantial misrepresentations and fraud and dishonest dealing in determining to revoke her license. The Department made sufficient findings to support the basis for discipline under Business and Professions Code section 10176, subdivisions (a) and (i). The trial court, in the exercise of its independent judgment, found the weight of the evidence to support those findings. Based upon those findings, the revocation of Kateen's license cannot be held to be an abuse of discretion. Accordingly we reverse the judgment granting the petition for a writ of administrative mandate.

The judgment is reversed and the cause is remanded to the trial court with directions to enter a judgment denying the petition for a writ of administrative mandate.

Puglia, P. J., and Carr, J., concurred.